**CONFIDENTIAL DOCUMENT: PROTECTED FROM DISCOVERY BY THE ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE**

**MASTER STIPULATED PROTECTIVE ORDER**

| | |
|---|---|
| ALYSIA M. WRENN, individually,<br><br>   Plaintiff,<br><br>vs.<br><br>THE VONS COMPANIES, INC.; and DOES 1 through 100; and ROE CORPORATIONS 101 through 200,<br><br>   Defendants. | CASE NO.: 2:13-cv-00021-APG-NJK<br><br>STIPULATED PROTECTIVE ORDER RE NONDISCLOSURE OF PROPRIETARY AND/OR CONFIDENTIAL INFORMATION, DOCUMENTS, TESTIMONY AND THINGS, AND FOR LIQUIDATED DAMAGES; ORDER THEREON; EXHIBIT 'A' ("ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND") |

**STIPULATED PROTECTIVE ORDER RE NONDISCLOSURE OF PROPRIETARY AND/OR CONFIDENTIAL INFORMATION, DOCUMENTS, TESTIMONY AND THINGS, AND FOR LIQUIDATED DAMAGES; ORDER THEREON; EXHIBIT 'A' ("ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND")**

The following parties, through their attorneys of record, agree and stipulate as follows:

1. **PURPOSE**

During the course of this litigation (including pre-litigation investigation as well as discovery and investigation conducted during the litigation and through trial and appeal), there may be information, documents, testimony and things disclosed, discovered or produced by a party or parties which at least one party considers confidential, proprietary, private or sensitive in nature. A party asserting material is confidential, proprietary, private or sensitive may suffer harm if such material is published, disclosed or disseminated for any purpose other than investigation and preparation for the trial and appeal of this action. The parties therefore seek to establish a mechanism to provide special protection from any further disclosure of such material, and accordingly petition the court to enter the following Stipulated Protective Order which will govern all pre-litigation investigation undertaken in the above-captioned matter, as well as all discovery and investigation which has taken place up to the date this Stipulation is fully executed, and which may take place hereafter, through trial and appeal.

2. **DEFINITION OF "CONFIDENTIAL" MATERIAL**

As a general guideline, materials designated "Confidential" shall be confidential and sensitive information and things, specifically including material of a proprietary business nature which might be of value to a potential competitor of the party holding the proprietary rights thereto, and which therefore must be protected from disclosure to third parties. Confidential information shall include, but not be limited to, information, documents, testimony and tangible things, regardless of how generated, stored or maintained, which any party claims in good faith to be entitled to protection, including information disclosed in interrogatory responses; documents identified and/or produced in response to requests for production; deposition testimony; and other information and/or documents and things which any party receives, produces, exchanges or discovers in connection with this action, including during its pre-litigation investigation as well as during discovery and investigation which continue during the course of the litigation, and specifically including materials falling within this definition which may have been received, produced, exchanged or discovered by any party prior to the date this Stipulation is fully executed, as well as extracts, abstracts, copies and summaries thereof.

3. **LIMITATIONS ON USE OF MATERIAL DESIGNATED "CONFIDENTIAL"**

(a)  Information designated "Confidential" shall be used by the parties and their agents, employees, representatives, consultants and experts, solely in connection with this litigation, and not for any other purpose, including not for any other business, commercial, competitive or litigation purpose.

(b)  No copies, extracts or summaries of any "Confidential" material shall be made except by or on behalf of counsel for use solely in connection with and during the duration of this litigation. All such copies, extracts or summaries shall be designated and treated as "Confidential" material, and none shall be delivered, exhibited to, disclosed or distributed to any person or entity except as specifically provided herein.

(c)  This Stipulated Protective Order is intended solely to facilitate the preparation for trial and/or appeal of this action, and nothing herein shall be construed as an admission or agreement by any party that "Confidential" material designated hereunder constitutes confidential or proprietary material.

1      (d)    Nothing in this Stipulated Protective Order shall be deemed to preclude the parties from seeking permission of the Court to disclose information which has been designated "Confidential" by one or more parties to this litigation on the ground that such material is in fact not confidential.

5      (e)    If any party seeks to file a motion on this issue, the parties agree the party seeking disclosure of material asserted to be "Confidential" may, with Court approval, file such a motion on shortened time.

**4.    DESIGNATING "CONFIDENTIAL" PROTECTED MATERIAL**

**(A)    WRITTEN and ELECTRONICALLY GENERATED, STORED AND/OR MAINTAINED MATERIALS**

A party may, in good faith, designate documents, materials and other written materials as described in Paragraph 2, above, as "Confidential" (including but not limited to written information and materials produced in written discovery responses, as well as electronically generated, stored and/or maintained materials), by prominently marking the material "CONFIDENTIAL: PRODUCED PURSUANT TO PROTECTIVE ORDER" at the time such material is produced. A party may also, in good faith, designate such material "Confidential" in a timely manner after it becomes known to the party seeking protection that written and/or electronic materials asserted to be "Confidential" have become known to or have come into the possession of another party to this litigation, or to another party's agents, employees, representatives, consultants and/or experts.

**(B) DEPOSITION TESTIMONY AND EVIDENCE**

A party may, in good faith, designate deposition testimony and/or evidence produced at deposition as "Confidential" by orally making this designation on the record either at the commencement of the deposition, at the time "Confidential" testimony is given and/or "Confidential" evidence is shown to a witness and/or marked as an Exhibit, and/or before the end of that day's questioning. Following such designation, the court reporter shall mark "Confidential" on the outside of each such transcript and on all portions thereof containing the "Confidential" testimony and/or evidence.

(C) **TRIAL AND MOTION TESTIMONY AND EVIDENCE**

If, during trial or in connection with any motion or other court proceeding, a party intends to offer into evidence or to otherwise disclose, discuss, or examine a witness as to "Confidential" material, counsel for the party seeking disclosure shall so inform counsel for the party to which the material relates (the "affected party"), a reasonable time in advance of such proposed action in order that counsel for affected party may take timely action to preserve the confidentiality of the material and the other rights of the affected party. No potentially public court documents (such as trial briefs, moving papers, proposed jury instructions or other documents filed or lodged with the Court) shall refer to or disclose any "Confidential" material unless such documents are filed under seal with the Court, or unless the confidentiality of such information has been removed by agreement of counsel, or unless counsel for the party seeking disclosure has previously obtained a valid Order of this Court permitting, and describing the extent of, such disclosure, discussion or examination at trial.

5. **PERMISSIBLE DISTRIBUTION OF "CONFIDENTIAL" MATERIAL**

"Confidential" material may be inspected by, disclosed, exhibited or distributed to the following persons only:

(a) Counsel for the parties and their support staff, including paralegal assistants and clerical employees of counsel engaged in the preparation of this action for trial and/or appeal;

(b) Deponents, in preparation for and/or during the course of their depositions; deposition notaries and court reporters, and their staffs, as necessary only to produce or copy the transcript of this deposition;

(c) Independent experts, consultants, investigators and advisors employed or retained by counsel to perform investigative work, research, analysis or other service necessary to the preparation of this action for trial and/or appeal;

(d) Parties, including executives, officers and employees of a party, engaged in assisting counsel in this litigation, but only to the extent such material is relevant to said person's work in this action.

6. **PROVISION OF IDENTITY AND ADDRESSES OF ALL INDIVIDUALS AND ENTITIES RECEIVING "CONFIDENTIAL" MATERIAL**

1. Each party or its counsel who provide, furnish, disseminate or distribute "Confidential" material to any outside investigator, consultant, advisor or expert in any manner, including electronic transmission, during this litigation, or who provided such material to outside investigators, consultants, advisors or experts during pre-litigation investigation, or who provided such materials to outside investigators, consultants, advisors or experts prior to the date this Stipulated Protective Order is fully executed by counsel for the parties, shall promptly provide to counsel for the parties a complete list of all persons and entities to whom "Confidential" material has been disclosed (the "recipients"), such list to include the name, address and telephone number of each recipient as well as the name of the custodian of the material within each recipient's office or firm. The purpose of this provision is to enable counsel for the affected party to be able to keep track of where its "Confidential" material has gone so that the affected party may ensure all such material is returned to the affected party at the conclusion of this litigation, as provided in Paragraph 8 below.

7. **STORAGE OF "CONFIDENTIAL" MATERIAL DURING LITIGATION**

(a) All "Confidential" material shall be kept in secure facilities at the offices of counsel for each party hereto during the pendency of this litigation.

(b) Counsel for each party hereto agrees to ensure that if "Confidential" material is provided to other persons or entities, such as consultants, experts, advisors and investigators, as permitted hereunder, the "Confidential" material shall be securely stored in the office of said consultant, expert, advisor or investigator so that the material is available only to those persons properly having access to the material pursuant to the terms of this Stipulated Protective Order.

(c) All parties, their counsel, and the consultants, experts, advisors, investigators and others who have permissibly received "Confidential" material hereunder, acknowledge they are bound by this Stipulated Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

(d) If a party or its counsel, or a permissible outside recipient, (the "receiving party") learns "Confidential" material has been disclosed to any person or entity, through inadvertence or in any circumstance not authorized hereunder, the receiving party must immediately notify all counsel in writing of the unauthorized disclosure and to whom or what it was made, must use its best efforts

to retrieve all copies of improperly distributed "Confidential" material, and must promptly request that such person or persons execute the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit "A".

8. **RETURN OF "CONFIDENTIAL" MATERIAL AT CONCLUSION OF LITIGATION**

Within thirty (30) days of the final determination of this action, all persons (excluding court personnel) to whom documents containing "Confidential" material have been disclosed, exhibited, provided, produced, disseminated or received in any manner, including electronic transmission, (the "recipient"), including abstracts, extracts, summaries and copies thereof, shall return all such material to the party or its counsel which provided the material to the recipient (the "providing party") so that the providing party or its counsel may thereafter, and will, return all such material to counsel for the party which originally designated the material "Confidential", within thirty (30) days of the providing party's receipt of the materials back from those persons.

9. **LIQUIDATED DAMAGES FOR BREACH OR VIOLATION**

In the event of breach or violation of this Stipulated Protective Order by any party bound hereby, including those persons or entities who have executed an "Acknowledgment and Agreement to be Bound", the breaching party shall pay to the party whose "Confidential" material has been disclosed in violation of the terms of this Stipulated Protective Order the sum of Ten Thousand Dollars ($10,000.00) for each such breach or violation.

**IT IS SO STIPULATED BY THE FOLLOWING PARTIES, THROUGH THEIR COUNSEL OF RECORD:**

Dated this 24 day of July, 2013.

BERNSTEIN & POISSON

By: _____
Jamie H. Corcoran, Esq.
Nevada Bar No. 11790
320 South Jones Blvd.
Las Vegas, Nevada, 89107
Attorneys for Plaintiff
Alysia M. Wrenn

Dated this 29th day of July, 2013.

KAHLE & ASSOCIATES

By: _____
Tamela L. Kahle
Nevada Bar No. 0558
7660 W. Sahara Ave., Ste. 110
Las Vegas, Nevada 89117
Attorneys for Defendant

This stipulation is granted only to the extent that it does not conflict with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and this Court's concurrently issued order.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated August 1, 2013

_____
DISTRICT COURT/MAGISTRATE JUDGE

EXHIBIT 'A'